United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>MCK Millennium Centre Retail, LLC<br><br>The Debtor. | Case No. 16 B 06369<br><br>Chapter 11 |

# MEMORANDUM OPINION ON MCK MILLENNIUM CENTRE RETAIL, LLC'S MOTION TO DISQUALIFY ATTORNEY ARNOLD LANDIS AS COUNSEL FOR CLAIMANT PAUL TSAKIRIS [DKT. NO. 248]

By motion, Defendant MCK Millennium Retail Centre Retail, LLC (the "Debtor") moved to disqualify attorney Arnold Landis ("Landis") as Counsel to Paul Tsakiris ("Tsakiris").

For reasons discussed below, the Debtor's Motion will be denied.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The District Court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This dispute is in the context of an objection to a claim against Tsakiris, a core proceeding under 28 U.S.C. § 157(b)(2)(B). It seeks to disqualify counsel for a claimant against the Debtor. It "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 U.S. 462, 499 (2011).

## UNDISPUTED FACTS

1. Landis was previously employed as counsel for the Debtor between September 2015 and February 2016. (Debtor's Motion, Dkt. No. 248 [Dr's Mtn.], at ¶ 8; Kraft Declaration. Ex. A, Dkt. No. 248 [Kraft Decl.], at ¶ 13; Claimant's Response, Dkt. No. 265 [Claimant's Resp.], at ¶¶ 9, 13.)

2. Landis represented the Debtor in a state court mortgage foreclosure lawsuit that focused on the appointment of a receiver, and subsequently for substitution of judge in that same case. (Kraft Decl. at ¶ 13; Claimant's Resp., at ¶ 2.)

3. Tsakiris entered into a purchase contract with the Debtor on or about February 2, 2015 to purchase the retail property known as 33 W. Ontario, Chicago, IL (the "Property") for a purchase price of $13,750,000.00. (Claim # 4-2, at ¶¶ 3, 5.)

4. Tsakiris filed a lawsuit for specific performance and damages against the Debtor regarding the conveyance of the Property on June 22, 2015. (*Id.*, at ¶ 20).

5. Following the appointment of a receiver in the mortgage foreclsoure case, the Debtor filed for bankruptcy the following day, on February 25, 2016. (Claimant's Resp., at ¶ 13.)

6. Landis filed a proof of claim for services rendered in the mortgage foreclosure case (Claim #1). (*Id.*)

7. Tsakiris filed a proof of claim for breach of contract against the Debtor, (Claim # 4-2). The claim alleges that the Debtor breached contract by failing to convey title to the Property. (*Id.*) Tsakiris deposited $100,000 in earnest money. (*Id.*)

8. Tsakiris was initially represented by Howard Teplinski for his claim against the Debtor, but he withdrew from representation. (Dr's Mtn., at ¶ 2.)

9. Landis now represents Claimant Tsakiris in regards to Claim # 4 as part of this bankruptcy proceeding. (Dr. Mtn., at ¶2; Landis Appearance, Dkt. No. 242 [Landis Ap.].)

## DISCUSSION

The issue to decide on is whether Landis' previous representation of the Debtor warrants disqualification of his current representation of Tsakiris in the claim objection dispute. The issues relating to Landis' representation of the Debtor in the mortgage foreclosure proceeding involved: "(1) whether there was a valid mortgage between [the Debtor] and its lender, (2) whether [the Debtor] defaulted on the mortgage and (3) whether the lender was entitled to the appointment of a receiver." (Claimant's Resp., at ¶ 12; *see also* Debtor's Reply, Dkt. No. 269 [Dr's Reply], Ex. Nos. 7, 9.)

2

The issues presented in the current claim objection are: (1) whether the earnest money deposited by Tsakiris was in furtherance of his performance or only extended the due diligence period; (2) whether Tsakiris could actually close on the proposed date of May 4, 2015; (3) whether the Debtor's failure to tender estoppel letters, merchantable title, and the survey constituted a breach under the contract; (4) whether the Debtor waived the sixty day closing requirement; and (5) the actual value of the Property. (Debtor's Answer and Objection to Am. Claim # 4-2, Dkt. No. 190, pp. 2-7; Claimants' Resp., at ¶ 3.)

Generally, motions for disqualification of attorneys are "viewed with extreme caution," because they are potential "techniques of harassment." *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982). However, "[at] the same time, there are circumstances when disqualification is both 'legitimate and necessary.'" *In re Gibrick*, 562 B.R. 183, 187 (Bankr. N.D. Ill. 2017) (quoting *Doe v. Catholic Archdiocese of Chi.*, No. 09-CH-07656, WL 7079, at *7 (N.D. Ill. June 13, 1986)). Moreover, as noted by the Seventh Circuit, a district court has broad discretion when deciding whether to disqualify an attorney. *Whiting Corp. v. White Mach. Corp.*, 567 F 2d. 713, 715 (7th Cir. 1977). "Conflict rules are more strictly applied in bankruptcy than in other areas of the law to maintain the integrity of the bankruptcy process." *In re Raymond Prof'l Grp., Inc.*, No. ADV 07 A 00639, 2010, at *3 (Bankr. N.D. Ill. May 20, 2010) (citations omitted). In instances where an attorney represents a party in a matter in which the adverse party is that attorney's former client, "the attorney is generally disqualified if the subject matter of the two representations are 'substantially related.'" *In re Schraiber*, 103 B.R. 1001, 1003 (Bankr. N.D. Ill. 1989) (quoting *Westinghouse Elec. Corp.*, 588 F.2d 221, 223 (7th Cir. 1978)). In order to conclude whether matters are substantially related, the Seventh Circuit has set forth a three-step test that allows courts to make that determination:

> Initially, the trial judge must make a factual reconstruction of the scope of the prior legal representation. Second, it must be determined whether it is

reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters. Finally, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client.

*Novo Terapeutisk Lab. A/S v. Baxter Travenol Lab.*, 607 F.2d 186, 195 (7th Cir.1979); *see also LaSalle Nat'l Bank v. Cnty. of Lake*, 703 F.2d 252, 255-56 (7th Cir.1983). If the movant establishes a "substantial relationship" after the three-part test, there is a presumption that the attorney received confidential information. *LaSalle*, 703 F.2d at 256. It is rebuttable but difficult to overcome. *Id.* at 257.

The substantial relationship rule established by the Seventh Circuit enforces the substance of Rule 1.9 of the Professional Rules of Responsibility, which provides that:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client
>> (1) whose interests are materially adverse to that person; and
>> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter, unless the former client gives informed consent, confirmed in writing.
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Model Rules of Prof'l Conduct r. 1.9.

4

First, the prior legal representation of Landis for the Debtor must be recreated based on the facts. The factual reconstruction of the scope of the prior legal representation shows that Landis' work only dealt with the Debtor's mortgage foreclosure case, *MLMT 2005-MKB2 Millennium Centre Retail, LLC v. MCK Millennium Centre Retail, LLC et al.*, case no. 15-CH-11714 (Cir. Ct. Cook Cnty., Ch. Div. Sept. 17, 2015), which lasted about half a year. (Dr's Mtn., at ¶ 8; Kraft Decl., at ¶ 13; Claimant's Resp., at ¶¶ 9, 13.) The Debtor fails to give evidence or state facts to show that Landis' representation of the Debtor expanded anything beyond that. (Dr's Reply, Ex. Nos. 7, 9.)

The Debtor states that the Declaration of Mr. Kraft lays out the factual reconstruction of the scope of the prior legal representation. (Dr's Mtn., at ¶ 12.) Kraft has represented the Debtor since 2010. (Kraft Decl., at ¶ 9.) Mr. Kraft's Declaration, however, fails to note any specific facts to show that Landis' representation of the Debtor expanded beyond issues outside of the mortgage foreclosure case. Although Kraft's Declaration provides that he had conversations with Landis about strategy regarding the Debtor's bankruptcy, value of the Property, and Tsakiris' specific performance suit, there were no details given or documents provided to bolster these assertions. (*Id.*, at ¶¶ 22-24.) Landis asserted that his representation of the Debtor dealt solely with the mortgage foreclosure and only involved: "(1) whether there was a valid mortgage between [the Debtor] and its lender, (2) whether [the Debtor] defaulted on the mortgage and (3) whether the lender was entitled to the appointment of a receiver." (Claimant's Resp., at ¶ 12; *see also* Dr's Reply, Ex. Nos. 7, 9.) Landis never filed an appearance on behalf of the Debtor in this bankruptcy proceeding. Nothing ties Landis directly to matters concerning: (1) the contract to purchase the Property, (2) Tsakiris' state court specific performance action, or (3) the Debtor's filing of a bankruptcy case.

The Debtor points out that Landis requested and received pleadings in regards to the specific performance case that Mr. Tsakiris had filed in state court against the

Debtor (a fact disputed by Landis). (Dr's Reply, Ex. 8.) Even if that occurred, those pleadings were public documents. *See* 705 ILCS 105/16(6) ("All records, dockets and books required by law to be kept by such clerks shall be deemed public records and shall at all times be open to inspection without fee or reward.") Such pleadings are accessible by any person who wishes to view the document; thus Landis' receipt of those public records does not qualify as confidential information so as to lead to the conclusion that Landis' scope of representation for the Debtor was beyond the foreclosure suit.

The Debtor raises the point that Landis was privy to information regarding the value of the Property involved in the contract dispute. (Debtor's Sur-Response, Dkt. No. 289 [Dr's Sur-Resp.], pp 2-3.) This point, however, is not significant. Whatever estimated valuation that Landis was in fact informed of while he was counsel to the Debtor is over a year and a half old and has likely changed, as noted in the Debtor's schedules. (*Compare* Claim #4-2, at ¶ 5 *with* Debtor's Schedules, Dkt. No. 12, at Part 9, Line 55.1.) Additionally, Tsakiris entered into the purchase contract prior to Landis' representation of the Debtor, which makes the value of the Property that Landis might have been aware of irrelevant to the case at hand. (*Compare* Kraft Decl., at ¶ 12 *with* Landis Ap.) Since Tsakiris' claim is based on the valuation of the property at the time the parties entered into the purchase agreement, in contrast with what the Property is presently worth, infirmities as of the property's estimated value at a certain point in time during his representation of the Debtor is of no consequence to Tsakiris's claim. The value of the property is a contested issue between the two parties.

The Debtor also argues that Landis's email communication with Mr. Kraft's company while he represented the Debtor is evidence of confidential information received by Landis that is relevant to the current Tsakiris's claim. (Kraft Decl., at ¶¶ 15-16.) The supposed confidential information given to Landis, however, alludes to that of Tsakiris's specific performance case, and not directly to the breach of contract claim

6

raised here in bankruptcy court. The specific performance action would force the Debtor to follow through with the purchase contract, which deals with different issues than the ones raised regarding damage for the alleged breach of contract between the Debtor and Tsakiris.

The Debtor further argues that Landis' representation of the Debtor in the foreclosure case did in fact involve subject matter of the Tsakiris disputed claim. The Debtor asserts that subject matter knowledge was sufficient to establish a "substantial relationship," as set by in *Schraiber*. However, the evidence presented by movant establishes that Landis' scope of representation for the Debtor only dealt with the mortgage foreclosure.

Next, it must be determined whether it is reasonable to infer that the confidential information allegedly given would have been given to a lawyer representing a client in those matters under part two of the "substantially related" test. However, if confidential information was given to Landis during his employment as counsel for the Debtor, it is not clear that the information Landis may have received is relevant to the issues raised in the litigation pending against the Debtor here in bankruptcy court. The evidence shown to have been given by the Debtor in regards to Landis' prior legal representation points to the conclusion that the information he received was only pertinent as part of the mortgage foreclosure case. As previously stated, Landis' representation of the Debtor was limited to that of a property foreclosure proceeding. (Kraft Decl. at, ¶ 13; Claimant's Resp., at ¶ 2.)

The Debtor contends that Landis' listing of opposing counsel in the mortgage foreclosure case as a witness in the contested claim proceeding creates or constitutes a "substantial relationship." (Dr's Reply, at pp. 2-4.) Using opposing counsel of the mortgage foreclosure case as a witness in the pending contested claim proceeding is not of consequence in the application of the substantially related test. Debtor does not

show that Landis received specific privileged information unrelated to the mortgage foreclosure proceeding.

The Debtor also argues that the appearance of impropriety should be sufficient to merit disqualification, but that is too low a standard to set when weighing it against the importance of right to choose counsel. *Tese-Milner v. Beeler (In re Hampton Hotel Investors, L.P.)*, 289 BR. 563, 583 (Bankr. S.D.N.Y. 2005) ("[I]n considering a motion to disqualify, a court must take into account 'a client's right freely to choose his counsel . . . which . . . must be balanced against the need to maintain the highest standards of the profession.").

Therefore, the Debtor has not met its burden with regard to step two.

Turning now to the final part of the Seventh Circuit's "substantially related" test, it must be determined whether the information Landis allegedly received is relevant to the issues raised in the litigation pending against the Debtor. The information that Landis received while representing the Debtor—as evidenced by the pleadings submitted to this court—related to the foreclosure proceeding or was information in regards to the foreclosure case that may affect the Debtor's bankruptcy. There is no persuasive, detailed evidence that suggests that Landis received specific information about the Tsakiris claim matter during his representation of the Debtor in the foreclosure case that would disqualify him from representing Tsakiris in the breach of contract claim. The issues raised in these two cases are vastly different. Details as to matters referred to in the Kraft statements were not supplied either by his statements, or by any *in camera* filings, or materials filed under seal.

Consequently, it cannot be said that the matter for which Landis represented the Debtor previously is "substantially related" to Tsakiris' claim here in bankruptcy court, and disqualification is therefore not warranted. Landis did not receive confidential information related to Tsakiris' breach of contract claim against the Debtor. The Debtor asks that the definition of "substantially related" be so broadly interpreted, so as to

8

create a blanket definition that could cover any situation. That is not the appropriate interpretation. To apply such a definition would present an impediment on the ability of an individual to obtain counsel of their choosing to represent them.

The Debtor's burden of proof has not been met, because the Debtor did not present sufficient evidence to establish that a substantial relationship exists that would merit disqualification.

## CONCLUSION

For the foregoing reasons, Movant's Motion to Disqualify Attorney Arnold Landis as Counsel for Claimant Paul Tsakiris is denied by separate Order.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 4th day of August, 2017